IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BRADY TANNER, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-33 (WLS) |
| | : | |
| TPUSA, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court are Plaintiffs' Motion for Conditional Certification and Judicial Notice (Doc. 75) and Defendant TPUSA, Inc.'s Motion to Deny Conditional Certification (Doc 69). For the reasons that follow, Plaintiffs' motion is **GRANTED** and Defendant's is **DENIED**.

**PROCEDURAL and FACTUAL BACKGROUND**

This is a Fair Labor Standards Act case against TPUSA, Inc., a corporation operating call centers in Albany and Augusta, Georgia. Plaintiffs are former call center agents who allege that the Defendant's timekeeping software and practices deprived them of due compensation. They brought a putative collective action seeking a declaratory judgment, unpaid wages, liquidated damages, and attorneys' fees.

In their Second Amended Complaint, Plaintiffs primarily attribute the cause of their unpaid wages to Defendant's use of a software program called TP Agent. TP Agent tracks compensable time by recording time stamps whenever an employee, for example, logs into the program or takes a mandatory lunch break. In general, Plaintiffs contend that TP Agent and Defendant's related practices deprive them of compensation in two ways. First, TP Agent itself produces inaccurate reports during software or equipment failure and due to human error. Plaintiffs assert that manual time adjustments and an automatic time-fill are also inaccurate and at best recompense estimates of

1

lost time. Second, Defendant requires its employees to report to work fifteen minutes before each shift to find an available workstation and to log into TP Agent. This time, they assert, is uncompensated.

In support of these allegations, or rather to show that they are "similarly situated" to other call center agents, Plaintiffs submit evidence in the form of depositions, affidavits, and an internal audit. Plaintiffs Brady Tanner, Thomas Dupree, LaToya Ford, Jolanda Lassiter, Calandra Haywood, Tiffany Molden, and Elena Evans all testified that they were told to report to work fifteen minutes before their shift to ensure they were prepared to take calls at the beginning of their shift. (Doc. 75-10 at 167; Doc. 75-13 at 47; Doc. 75-5 at 25–26; Doc. 75-14 at 76–77; Doc. 75-15 at 36; Doc. 75-9 at 59–62.) In addition, an internal audit from the Augusta call center shows that an agent named Susan Forsmark arrived fifteen minutes before her shift to activate her software. (Doc. 75-16 at 14.)

The evidence also shows that Defendant uses TP Agent in both Augusta and Albany (though not all Augusta agents used TP Agent); that both locations use the same policies and practices to track time; and that Defendant oversees both locations, even though each is run by different supervisors.

From these allegations and evidence, Plaintiffs move the Court to conditionally certify this case as a collective action and to disseminate notice to putative plaintiffs. Plaintiffs also ask that the Court require Defendant to produce information on all potential collective action members and to equitably toll the statute of limitations from March 9, 2009, to the opt-in deadline.

The Second Amended Complaint defines the Collective Class as:

All current and former employees of TPUSA, who were employed as Customer Service Representatives in the State of Georgia during the statutory period, and who:
(a) during a work week, worked off-the-clock for at least one (1) hour and did not receive any compensation at his/her regular rate of pay; and/or
(b) was not paid regular wages and/or overtime compensation at a rate of 1.5 times their regular rate of pay, for hours in a work week in excess of forty (40).

Defendant opposes conditional certification. A few days before Plaintiffs moved for conditional certification, Defendant filed a Motion to Deny Conditional Certification. In addition, Defendant filed response to Plaintiffs' motion, making identical arguments to the motion to deny certification.

Defendant argues that TP Agent and its manual and automatic adjustments fully compensate—and often overcompensate—its employees. Further, per Defendant, Plaintiffs are not similarly situated because some putative plaintiffs never used TP Agent, others used a phone to log in, and many of the plaintiffs have different supervisors and seating arrangements. Defendant also claims that Plaintiffs have failed to identify a common policy, pointing to testimony where some of the plaintiffs disavowed not being compensated during certain events, such as equipment failure. Defendant also identifies a number of defenses it would assert against individual plaintiffs.

## **DISCUSSION**

Having reviewed the Parties' arguments and evidence, the Court grants Plaintiffs' motion and conditionally certifies this case as a collective class for both the Albany and Augusta call centers. Although Defendants' evidence and defenses may justify decertification at a later date, the Court must decline the invitation to adjudicate factual and credibility disputes at the notice stage. The Court similarly finds that Defendant's arguments regarding willfulness are better suited for a motion for summary judgment or decertification. Finally, the Court denies Plaintiffs' request for equitable tolling.

    **I.   Conditional Certification**

        **a.  Legal Standards**

The FLSA allows employees deprived of wages or overtime compensation to file suit on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). In relevant part, the section 216(b) of the FLSA provides:

> An action to recover . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such ac-

3

> tion unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Unlike a Rule 23 class action, a putative plaintiff in a collective action must choose to affirmatively join the class by filing his or her written consent to be bound by the judgment. *Id.*; *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). A district court may authorize notice to potential opt-in plaintiffs in "appropriate" cases. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Eleventh Circuit recommends a two-part approach to notice and certify a collective class under the FLSA. *Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)). During the first stage, the Court determines based on the pleadings and limited discovery whether the action should be "conditionally certified" and whether notice should be sent to the putative plaintiffs. *Id.* At this initial stage, the plaintiffs bear the burden of showing a "reasonable basis" for their claim that there are other similarly situated employees who wish to opt in. *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007); *see also Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). The Eleventh Circuit has described the standard for this first stage as "'not particularly stringent,' 'fairly lenient,' 'flexib[le],' 'not heavy,' and 'less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b).'" *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008) (citations omitted). A motion to authorize notice "typically results" in conditional certification. *Hipp*, 252 F.3d at 1218.

"The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." *Id.* The second stage requires more than "allegations and affidavits" to maintain certification. *Morgan*, 551 F.3d at 1261 (quoting *Anderson*, 488 F.3d at 953). Rather, the court may consider a number of factors, such as "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and proce-

4

dural considerations[.]" *See id.* (quoting *Anderson*, 488 F.3d at 953). So, in other words, a court must engage in a more searching inquiry on review of a motion for decertification.

In this case, the Parties mutually agreed to conduct limited discovery on the question of conditional certification and to present that issue after the first phase of discovery. (Doc. 22-1.) The Court concludes that conditional certification is warranted.

### b. Whether other employees are similarly situated

Plaintiffs have satisfied their burden of showing a "reasonable basis" for their claim that the other call center agents in the Albany and Augusta call centers are similarly situated. At this stage, the "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Plaintiffs have submitted adequate allegations and evidence on this element. First, the agents in both Augusta and Albany have the same or similar job duties and positions. At both sites, call center agents answer calls and provide customer support for defendant's corporate clients. All agents are paid hourly and are undisputedly non-exempt employees. Second, both call centers use the same timekeeping policies and procedures. Both sites use TP Agent to track compensable time. Both sites also use the same manual and automatic time adjustments to correct TP Agent. Time records from both sites are downloaded to a companywide system. Because the manual adjustments in both sites are the same, and defendant places the burden of correcting mistakes on the employees at both sites, there is the risk at both sites that employees are not aware that they can and must scrutinize TP Agent records for time adjustments. Third, plaintiffs have presented evidence that management at both sites require them to report to work fifteen minutes before their shift begins.

Defendant's evidence and arguments to the contrary are, at this stage, unpersuasive.[1] Plaintiffs' showing need only "successfully engage" Defendant's opposing evi-

---

[1] Even if the analysis from *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) should be imported into the collective-action context, *but see Grayson*, 79 F.3d at 1096 n. 12 ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure."), the Court is of the opinion that *Dukes* is inappli-

5

dence. *Grayson*, 79 F.3d at 1097 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406–07 (D.N.J. 1988)). During the notice or conditional certification stage, the Court does not resolve factual disputes. *See Grayson*, 79 F.3d at 1099 n.17; *Scott v. Heartland Home Finance, Inc.*, No. 1:05-cv-2812-TWT, 2006 WL 1209813, at *3 (N.D Ga. May 3, 2006). Nor does the Court determine issues of the merits. *Kerce v. W. Telemarketing Corp.*, 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008). Likewise, the availability of individual defenses to individual plaintiffs is better left to decertification. *Cf. Morgan*, 551 F.3d at 1262 (directing courts to consider similarity of defenses during second stage of certification); *Riddle v. Suntrust Bank*, No. 1:08-cv-1411-RWS, 2009 WL 3148768, at *2 (N.D. Ga. Sept. 29, 2009) ("At the notice stage, 'variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered . . . .' (citations omitted)). In addition, Defendant has not pointed to any case law to show that notice cannot issue to locations other than where the named plaintiffs worked. *See Stuven v. Texas de Brazil (Tampa) Corp.*, No. 8:12-cv-1283-T-24TGW, 2013 WL 610651, at *5 (M.D. Fla. Feb. 19, 2013) (allowing conditional certification to restaurants across Florida even though named plaintiff did not work at other locations).

Accordingly, the Court concludes that the putative plaintiffs are similarly situated.

### c. Desire of other employees to "opt in"

Plaintiffs have also established a reasonable basis to conclude that other employees may desire to "opt in" to a collective action. Already Plaintiffs have filed at least eleven Consents to Sue to the docket from other call center agents. Additionally, Plaintiffs Lassiter and Evans attested that they are aware of other employees who are interested in participating in the litigation but have deferred because of fear of retaliation. Although a plaintiff's stated belief about other potential opt-ins may not be enough to satisfy this element alone, the filing of other consents to sue is a persuasive indication of

---

cable at the notice stage, *see Robinson v. Ryla Teleservices, Inc.*, No. CA 11-131-KD-C, 2011 WL 6667338, at *3 (S.D. Ala. Dec. 21, 2011).

6

the existence of other employees who desire to opt-in. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004).

## II. Statute of Limitations

The Parties also disagree about the class period. Under the FLSA, the statute of limitations is ordinarily two years, unless the cause of action arose from a willful violation, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). Per Defendant, there is no evidence of willfulness, so the class period must be limited to a two-year look-back. Plaintiffs, on the other hand, apparently argue that the violations were willful because they occurred after Defendant settled another FLSA case.

At this stage, Plaintiffs allegations and the limited evidence are sufficient for a three-year limitations period. *See Stuven*, 2013 WL 610651, at *6 (agreeing with plaintiff's argument that "the majority of courts use a three-year statute of limitations period at the conditional certification stage, because the often fact-determinative issue of whether the violation was willful or reckless is more appropriately decided at trial"). Given the limited scope of discovery preceding the instant motions, Defendant's arguments about a total lack of evidence are best left to decertification or a motion for summary judgment. *Id.* (collecting cases). Therefore, the Court will permit a three-year statute of limitations at this stage.

## III. Collateral Estoppel

Plaintiffs request in their conclusion that the Court equitably toll the statute of limitations for all putative plaintiffs from March 9, 2009, to the deadline for filing written consent. Besides this fleeting request, Plaintiffs make no argument or showing to justify equitably tolling the statute of limitations. Equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Plaintiffs bear the burden of showing that it is warranted. *Id.* at 1479. Having failed to make that showing—or any showing at all—Plaintiffs' request must be denied. Therefore, any putative plaintiff will be deemed to have commenced her case when she files written consent to opt into the action. *See Grayson*, 79 F.3d at 1106.

7

## CONCLUSION

For those reasons, Plaintiffs' Motion (Doc. 75) is **GRANTED** and Defendant's Motion (Doc. 69) is **DENIED**, as follows:

- The Court conditionally certifies the collective class defined in Plaintiffs' Second Amended Complaint (Doc. 63 ¶ 78);
- Plaintiffs are authorized to disseminate the proposed Notice and Consent to Join form, provided that they modify the statutory period, as described in this Order;
- Defendant is **ORDERED** to produce to Plaintiffs, within **fourteen (14) days** of the entry of this Order, a list in electronic and importable format, of all persons employed by defendant as call center agents in Georgia from three years prior to the date of this order to the present, including their name, address, telephone number, dates of employment, location of employment, date of birth, and last four digits of their Social Security Number; and
- Defendant is **ORDERED** to post the Notice of Collective Action and Consent Form at conspicuous places in the Albany and Augusta, Georgia call centers.

**SO ORDERED**, this  20th   day of February, 2014.

                                                    /s/ W. Louis Sands
                                          **W. LOUIS SANDS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**