IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BRADY TANNER *et al*, | : |
| Plaintiffs, | : |
| v. | : Case No.: 1:12-CV-33 (WLS) |
| TPUSA, Inc., | : |
| Defendant. | : |

### ORDER

Before the Court, without opposition, is Plaintiffs' Amended Motion for Attorney's Fee. (Doc. 81.) On January 10, 2013 the Court granted Plaintiffs' Motion to Compel Discovery. (Doc. 62 at 16.) The Court found that Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to award attorney's fees to a movant who prevails on a motion to compel. The Court ordered Plaintiffs to submit a memorandum and documentation supporting their request for attorney's fees. On September 23, 2013 the Court denied Plaintiffs' fee petition without prejudice and granted leave to file an amended motion. (Doc. 80.) For the reasons that follow, Plaintiffs' Amended Motion is **GRANTED**.

In determining the appropriate amount of an award for attorneys' fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate. This amount, the "lodestar," may then be adjusted upward or downward in light of the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] The Court in *Blum v. Stenson*, 465 U.S. 886

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

(1984), held that most of the *Johnson* factors[2] will ordinarily be reflected in the lodestar itself, for example, time and rate, rather than in an adjustment of the lodestar. Determination of a reasonable fee necessarily requires that counsel for the prevailing party exclude from a fee request "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In their motion, Plaintiffs request attorney's fees for two attorneys, Steven Bennett Blau and Louis E. Hatcher. Blau served as lead counsel for Plaintiff Tanner and Hatcher assisted. Blau has practiced law for 37 years and Hatcher has practiced for 22 years. (*Id.*) Blau has handled a number of Fair Labor Standards Act (FLSA) and state wage and hour law cases. (*Id.* at 2.) According to Hatcher, he has handled a number of employment law cases. (Doc. 81-2 at 2.)

Blau's affidavit states that $350 an hour is a reasonable fee for an attorney of his experience and ability and for the nature of the work performed. (Doc. 81-1 at 3.) Likewise, Blau believes $300 is an appropriate fee for Hatcher. (*Id.*) Both Blau and Hatcher state in their affidavits that they believe their fees are consistent with fees charged for similar matters in Georgia. (Doc. 81-1 at 3; Doc. 81-2 at 2.) Blau furthers states that he has previously been awarded $450.00 an hour and upwards in FLSA matters. (Doc. 81-1 at 3.)

In their motion, Plaintiffs request $17,495 in fees for Blau and Hatcher's services. In his affidavit, Blau states that he and Hatcher spent at a minimum of 52.4 hours litigating the motion to

---

[2] Determination of a reasonable fee is based on consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):
   The time and labor expended;
   1. The novelty and difficulty of the questions raised;
   2. The skill required to properly perform the legal services rendered;
   3. The customary fee for like work;
   4. The attorney's opportunity costs in pressing the instant litigation;
   5. Whether the fee is contingent or fixed;
   6. The time limitations imposed by the client or circumstances;
   7. The amount in controversy and the results obtained;
   8. The experience, reputation, and ability of the attorney;
   9. The undesirability of the case within the legal community in which the suit arose;
   10. The nature and length of the professional relationship between attorney and client; and
   11. The attorneys' fees awards in similar cases.

compel. (Doc. 81-1 at 3.) The Motion includes an itemized billing statement for both attorneys. The billing statement totals well over 52.4 hours. Blau states that his calculation of attorney's fees for Plaintiffs' Motion does not include hours for potentially duplicative or inefficient work, legal research, copying, and long-distance or reimbursement for airfare, lodging, and meals. (Doc. 81-1 at 3-4.) Hatcher states that his calculation of attorney's fees does not include associate hours or Hatcher's time exceeding 16.9 hours. (Doc. 81-2 at 3.) The Attorneys' invoice reflects hours spent reviewing deposition testimony, communicating with opposing counsel, and drafting the motion to compel, among other things. (Doc. 81-1 at 6-7.)

After a careful review of the record, the Court concludes that the amount of fees requested is reasonable and appropriate for the attorneys' extensive experience, the nature of the case, and the time spent obtaining a successful result. In particular, $350 and $300 are reasonable hourly rates for this type of case and the attorneys' respective abilities and experiences. Additionally, 52.4 hours is not an unreasonable amount of time to spend litigating a motion to compel discovery.

Therefore, Plaintiffs' Amended Motion for Attorneys' Fees (Doc. 81) is **GRANTED** in the amount of $17,495. The Defendant is **ORDERED** to pay Attorney Steven Bennett Blau $12,425 and Louis E. Hatcher $5,070.

**SO ORDERED**, this 18th day of August 2014.

    /s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**